IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ASSERTIO HOLDINGS, INC. DERIVATIVE LITIGATION<br><br>This Documents Relates to:<br><br>ALL ACTIONS | C.A. No.: 1:24-cv-00383-MN<br>(Consolidated) |

**JOINT MOTION TO STAY**

Plaintiffs Changyoung Jung and Lawrence Hollin ("Plaintiffs"), nominal defendant Assertio Holdings, Inc. ("Assertio" or the "Company"), and defendants Daniel A. Peisert, Paul Schwichtenberg, Heather L. Mason, William T. McKee, Peter D. Staple, James L. Tyree, and Jeffrey Vacirca (the "Individual Defendants," together with Assertio, "Defendants," and collectively with Plaintiffs, the "Parties") respectfully request that the Court stay proceedings in this action until the earlier of: (i) an order on the motion to dismiss currently pending in the related securities fraud class action captioned *Shapiro v. Assertio Holdings, Inc. et al*, Case No. 1:24-cv-00169 (N.D. Ill.) (the "*Shapiro* Action"), (ii) the date on which a settlement has been reached in the *Shapiro* Action, or (iii) until the Parties otherwise agree to lifting of the stay, and in support thereof state as follows:

WHEREAS, on March 26, 2024, Plaintiff Jung filed a shareholder derivative action on behalf of Nominal Defendant Assertio alleging causes of action for violations of §§ 10(b), 14(a), and 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), 78n(a), and 15 U.S.C. § 78u-4(f), violations of Rule 10b-5 (17 C.F.R. § 240.10b5) promulgated

under § 10(b) of the Exchange Act, as well as claims for breach of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets against the Individual Defendants, captioned *Jung v. Peisert, et al.*, C.A. No.: 1:24-cv-00383-MN (D. Del.) (the "*Jung* Action");

WHEREAS, on July 3, 2024, Plaintiff Hollin filed a shareholder derivative action on behalf of Nominal Defendant Assertio alleging violations of §§ 10(b), 14(a), and 21D of the Exchange Act, 15 U.S.C. §§ 78j(b), 78n(a), and 15 U.S.C. § 78u-4(f), violations of Rule 10b-5 (17 C.F.R. § 240.10b5) promulgated under § 10(b) of the Exchange Act, as well as claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and waste of corporate assets against the Individual Defendants, captioned *Hollin v. Mason, et al.*, C.A. No.: 1:24-cv-00785-MN (D. Del.) (the "*Hollin* Action," and together with the *Jung* Action, the "Consolidated Derivative Action");

WHEREAS, on July 5, 2024, the Court entered an order, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidating the *Jung* and *Hollin* Actions for all purposes, including pre-trial proceedings and trial, into the single Consolidated Derivative Action in order to avoid duplication of effort and potentially conflicting results, and to conserve party and judicial resources (ECF No. 7);

WHEREAS, the *Shapiro* Action is a putative shareholder class action pending in the Northern District of Illinois, asserting claims against Assertio and certain of the Individual Defendants, among others, for purported violations of Section 10(b) of the Exchange Act;

WHEREAS, several of the matters alleged in the *Shapiro* Action are factually related to those alleged in the Consolidated Derivative Action; and

WHEREAS, the Parties have conferred and agree that it is in the best interest of all Parties and would promote efficiency and conservation of Party and judicial resources to stay further proceedings in the Consolidated Derivative Action until the earlier of: (i) an order on the motion to dismiss currently pending in the *Shapiro* Action, (ii) the date on which a settlement has been reached in the *Shapiro* Action, or (iii) until the Parties otherwise agree to lifting of the stay.

IT IS HEREBY STIPULATED AND AGREED, by the Parties, through their undersigned counsel, and subject to the approval of the Court, that:

1. The Consolidated Derivative Action is hereby stayed until the earlier of: (i) an order on the motion to dismiss currently pending in the *Shapiro* Action, (ii) the date on which a settlement has been reached in the *Shapiro* Action, or (iii) until the Parties otherwise agree to lifting of the stay.

2. Defendants shall promptly notify Plaintiffs of any filed or threatened stockholder derivative lawsuit (including litigation demands and books and records demands) asserting substantially similar allegations as the Consolidated Derivative Action (a "Related Derivative Action") of which they become aware.

3. Defendants shall promptly notify Plaintiffs if a Related Derivative Action is not stayed for a similar or longer duration than the Consolidated Derivative Action.

4. Plaintiffs have the option to terminate the stay if a Related Derivative Action is not stayed for a similar or longer duration than the Consolidated Derivative Action by giving 14 days' notice to counsel for Defendants via email.

5. While the Consolidated Derivative Action is stayed, Defendants shall promptly produce to Plaintiffs any documents produced in any Related Derivative Action, subject to a

reasonable and mutually-agreed confidentiality agreement or protective order that permits Plaintiffs to use the discovery in the Consolidated Derivative Action.

6. During the stay, Plaintiffs may amend the complaint, but Defendants shall not be required to respond to any amended complaint during the pendency of the stay, provided that Defendants shall have the option to lift the stay and respond to any amended complaint if they choose to do so.

7. The Parties shall meet and confer and submit a proposed scheduling order to the Court within 14 days of the date that the stay is lifted.

8. In the event that Defendants agree to terms or conditions in connection with any stipulation, agreement, or motion to stay a Related Derivative Action that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this agreement.

9. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Consolidated Derivative Action.

Dated: November 4, 2024

Respectfully submitted,

**RIGRODSKY LAW, P.A.**

*Of Counsel for Plaintiff Lawrence Hollin:*

/s/ Herbert W. Mondros

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
1007 North Orange Street, Suite 453
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Of Counsel for Plaintiff Changyoung Jung and Co-Lead Counsel for Plaintiffs:*

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Attorneys for Plaintiff Lawrence Hollin and Co-Lead Counsel for Plaintiffs*

**FARNAN LLP**

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

*Local Counsel for Plaintiff Changyoung Jung*

**GREENBERG TRAURIG LLP**

*/s/ Steven M. Malina*
Steven M. Malina
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel: (313) 476-5133
Fax: (312) 899-0423
Email: steven.malina@gtlaw.com

*Counsel for Defendant James L. Tyree*

**BAKER BOTTS L.L.P.**

*/s/ James J. Beha II*
James J. Beha II
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-2510
Fax: (212) 259-2510
Email: jim.beha@bakerbotts.com

*Counsel for Defendants Paul Schwichtenberg, Heather L. Mason, William T. McKee, Peter D. Staple, and Jeffrey Vacirca and for Nominal Defendant Assertio Holdings, Inc.*

**BAKER McKENZIE LLP**

*/s/ Aaron Goodman*
Aaron Goodman
10250 Constellation Boulevard, Suite 1850
Los Angeles, CA 90067
Telephone: (310) 201-4728
Fax: (310) 201-4721
Email: aaron.goodman@bakermckenzie.com

*Counsel for Defendant Daniel A. Peisert*

IT IS SO ORDERED this 5th day of November 2024. IT IS FURTHER ORDERED that the Court will not automatically lift the stay.  The parties shall move or stipulate to the lifting of the stay.

_____
The Honorable Maryellen Noreika
United States District Judge

6